

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Leo C. Haynes
Secretary of Board of Regents
University of Texas
Austin, Texas

Dear Mr. Haynes:

                Opinion No. O-877
                Re: Whether the Dean of the
                Medical School of the
                University of Texas is
                the head of an institu-
                tion within the terms of
                Senate Bill No. 139, Acts
                Forty-fifth Legislature.

      We are in receipt of your letter of May 25, 1939, wherein you direct our attention to Senate Bill No. 139, Chapter 444, beginning at page 939, General and Special Laws of Texas, Regular Session, Forty-fifth Legislature, 1937.

      Under the general provisions of said Senate Bill No. 139, which is a general appropriation bill for educational institutions of higher learning, we find Subsection (6), at page 1044, reading as follows:

      "Subsection (6). Traveling Expenses. All persons employed in any capacity by these State educational institutions and agencies who travel at the expense of the State, are hereby limited to the same amounts authorized for employees of the State Departments and the Comptroller and local disbursing officer shall require the same method of claim presentation and forms. No traveling expenses shall be incurred by any employee of any of the schools, or other agencies named herein, outside of the boundaries of the State of Texas, except for State business, and upon the advance written consent of the school's



Board of Regents or Directors. The provisions of this Act with reference to traveling expenses shall not apply to the heads of the institutions named in this Act nor the members of boards who do not receive an annual or monthly salary. The term 'maintenance' may include traveling expenses."

You request our opinion as to whether or not the Dean of the Medical School of the University of Texas is the head of an institution, as that term is used in Subsection (6).

The Seventeenth Legislature, at its Regular Session, established the University of Texas and provided for the location of the University of Texas and the Medical Department thereof to be determined by a vote of the people at an election to be held on the first Tuesday of September, 1881. The Governor was authorized and instructed to issue the necessary proclamation ordering the election to be held on the date above mentioned and further provided the manner of nominating the names, or, that is to say, the places of different localities in this State. On July 27, 1881, the Governor issued a proclamation calling for the election on September 6, 1881, in which appeared the names or places prepared to be voted upon, with special and particular reference for the location of a Medical Department of the University of Texas. After said election was held in the manner and on the date above mentioned, the votes were canvassed and as a result it was shown that the Medical Department of the University of Texas was selected to be located at Galveston, and the Secretary of State and the Governor by proclamation declared the results of such election.

Technically it is true that the Medical Branch of the University of Texas is only a branch of such University but it will be seen from the foregoing that such Medical Branch had its origin in a manner consistent with consideration as a separate institution. Furthermore, we believe that it is commonly looked upon as an institution within itself.

Under the "Rules and Regulations" promulgated by the Board of Regents of the University of Texas for the



government of the University of Texas and its Branches coming under its jurisdiction, sets our in Chapter 2, Section 2, the duties and qualifications of the Dean of the Medical School, Galveston, and reads in part as follows:

"Sec. 2. THE DEANS OF THE COLLEGES OR SCHOOLS, OF THE MEDICAL BRANCH, AND OF THE DIVISION OF EXTENSION.--The Deans of the several Colleges and Schools shall be qualified for professorial rank and shall attend to the faithful and prompt execution of all regulations and routine affecting their Colleges or Schools, primary jurisdiction over general student life and conduct resting with the Dean of Student Life at the Main University and with the Dean of the Medical Branch at the Medical Branch. xxx

"The dean of the Medical Branch shall be qualified for professorial rank and shall be Dean of each College and School at Galveston and shall represent the President in appropriate matters during the latter's absence. He shall execute all the Rules and Regulations of the University applicable to the Medical Branch which have been approved by the Board of Regents. He shall deal with the admission of students to the Medical Branch and their matriculation. He shall study the needs of the Medical Branch, plan for its improvement and make recommendations to the Medical Faculty with a view to correlating its courses of instruction. He shall supervise the preparation of the catalogue material of the Medical Branch, the schedule of examinations, the schedule of hours on the roster, and the schedule of rooms for classes. He shall serve as Dean of Student Life at Galveston. He shall make an annual report to the President on or before November 1 of each fiscal year. He shall be a member ex officio and the presiding officer of the Executive Committee and the John Sealy College of Nursing Committee. He shall designate the student eligible for the Isabella

Honorable Leo C. Haynes, Page 4

> Brackenridge Scholarship and shall re-
> ceive applications for loans from the
> Isabella Brackenridge Loan Fund.xxx"

The itemization of appropriations for the University of Texas commences on page 981, General and Special Laws, 1937. On page 1000 commences the itemization of appropriations for "The University of Texas - Medical Branch". The term last enclosed in quotation appears in the appropriation bill in capital letters in the same attitude as do the headings for the appropriations for separate institutions. On page 1003 we find an appropriation of $6,000.00 per year for the Dean of the Medical Branch.

Sections 1 and 2 of Article 2654-a, Revised Civil Statutes regulate the collection of tuition and fees in State institutions and Section 3 of said Article 2654-a reads as follows:

> "Sec. 3. The words 'State educa-
> tional institutions' as used in this
> Act shall include the following and any
> branch thereof: The University of Texas;
> the Agricultural and Mechanical College
> of Texas; the various State teachers'
> colleges of Texas; the College of In-
> dustrial Arts of Texas; the John Tarle-
> ton Agricultural College of Texas; the
> North Texas Agricultural College; the
> Prairie View State Normal and Industrial
> College; the Texas Technological College;
> and any other State educational institu-
> tion either heretofore provided for or
> hereafter to be provided for under the
> laws of this State."

Considering all of the above facts, the manner in which the Medical Branch originated, its location separate and apart from the Main University, the manner in which the appropriation for the Medical Branch was set up in the appropriation bill for the current biennium, the duties of the Dean of the Medical Branch and the light in which the Medical School is generally looked upon, we believe that it was the intention of the Legislature that the Dean of the Medical Branch should be considered as the head of an institu-

tion within the meaning of said Subsection 6 and our answer to your question, therefore, is in the affirmative.

                              Yours very truly

                        ATTORNEY GENERAL OF TEXAS

                        By *Glenn R. Lewis*
                              Glenn R. Lewis
                                 Assistant

GRL:FL

APPROVED JUN 30, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS